RECEIVED
IN ALEXANDRIA, LA.
NOV - 5 2013
TONY R. MOORE, CLERK
BY_____
      DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| SCOTT D. BURGESS | : | DOCKET NO. 3:13-0903 |
| VS. | : | JUDGE TRIMBLE |
| UNION PARISH DETENTION CENTER AND UNION PARISH POLICE JURY | : | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING

Before the court is a "Motion to Dismiss" (R. #8) filed by defendants the Union Parish Detention Center ("Detention Center") and the Union Parish Police Jury ("Police Jury") wherein the movers seek to dismiss the Detention Center because it is not a proper defendant. Movers also seek to dismiss any claim for punitive damages. Plaintiff has failed to file any opposition to the instant motion.

### FACTUAL ALLEGATIONS

In his complaint, plaintiff, Scott D. Burgess, asserts that after being stopped by Wildlife & Fisheries on Lake D'Arbonne and issued a citation for DWI, he was held for three days before being allowed to make a phone call or to arrange bail. Plaintiff also asserts that the Detention Center released his dog instead of sending it to an animal shelter or to a boarding facility. Plaintiff complains that he lost two days of work because of not being able to arrange for bail and three more days of work in attempt to find his dog.

### RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state

a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[1] Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[2] The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[3] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[4] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[5] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[6] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[7]

Under Rule 8 of the Federal Rules of civil Procedure, the pleading standard does not require

---

[1] Hitt v. City of Pasadena, 561 F.2d 606,608 (5th Cir. 1977)(per curiam) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

[2] Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

[3] Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

[4] Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

[5] Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[6] Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[7] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[8] A complaint that offers "labels and conclusions:" or "a formulaic recitation of the elements of a cause of action will not do."[9] Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[10]

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[11]

## LAW AND ANALYSIS

The Detention Center seeks to be dismissed because it is not a juridical entity capable of being sued. We agree that the Detention Center is not a juridical entity capable of being sued and will be dismissed with prejudice.[12]

Defendants further seek to dismiss any claims for punitive damage under 42 U.S.C. § 1983 because plaintiff has failed to properly identify any statute authorizing him to recover punitive damages. Plaintiff has failed to respond to the instant motion. Therefore, the court will dismiss plaintiffs' claims for punitive damages against these defendants.

## CONCLUSION

Based on the foregoing, the motion to dismiss will be granted dismissing with prejudice the

---

[8] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

[9] Id.

[10] Id., at 557, 127 S.Ct. 1955.

[11] Id., at 570, 127 S.Ct. 1955.

[12] See Fair v. Crochet, 2010 WL 430806 at *12 (E.D. La. Feb. 4, 2010) citing Cage v. Kent County Corr. Facility, 113 F.3d 1234 at *1 (6th Cir. 1997); Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613 (E.D. La.1998).

Union Parish Detention Center and dismissing with prejudice plaintiff's claims of punitive damages.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of November, 2013.

                                                                        *[signature]*
                                                                        JAMES T. TRIMBLE, JR.
                                                                        UNITED STATES DISTRICT JUDGE